NOT FOR PUBLICATION                                             CLOSING

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| 3M COMPANY,<br><br>      Plaintiff,<br><br> v.<br><br>HOWARD E. RYAN and CUSTOM BROWSER, INC.,<br><br>      Defendants. | CIVIL NO. 05-5732 (SRC)<br><br>**ORDER** |

  **THIS MATTER** having come before the Court on the motion by Plaintiff, 3M Company ("Plaintiff" or "3M"), to enforce the terms of a settlement (docket #12) reached between it and Defendants Howard E. Ryan and Custom Browser, Inc. ("Defendants"); and this Court having referred this matter to Magistrate Judge Arleo, pursuant to 28 U.S.C. § 636(b)(1)(B); and

  **IT APPEARING** that, on December 21, 2006, Magistrate Judge Arleo heard oral argument on the motion; and it further

  **APPEARING** that, on April 24, 2007, Magistrate Judge Arleo issued a Report and Recommendation ("R&R") (docket #29) on this matter, pursuant to FED. R. CIV. P. 72(b), L. CIV. R. 72.1(a)(2), and 28 U.S.C. § 636(b)(1)(B), recommending that the motion to enforce settlement be granted as expressed in the Consent Judgment and Settlement Agreement prepared by the Court; and it further

  **APPEARING** that on May 10, 2007, Magistrate Judge Arleo issued an Amended R&R (docket #32) and a Modified Consent Judgment and Settlement Agreement; and it further

  **APPEARING** that a magistrate judge's recommended disposition of a dispositive matter is subject to de novo review, In re U.S. Healthcare, 159 F.3d 142, 145-46 (3d Cir. 1998); FED. R. CIV. P. 72(b); and it further

**APPEARING** that no objections to the R&R have been filed; and it further

**APPEARING** that this Court has reviewed the R&R under the appropriate de novo standard, and agrees with Magistrate Judge Arleo's analysis and conclusions; and for good cause appearing;

**IT IS, THEREFORE**, on this 6th day of June, 2007,

**ORDERED** that Magistrate Judge Arleo's Amended R&R (docket #32) is **ADOPTED** as the opinion of the Court; and it is further

**ORDERED** that final judgment is hereby entered in favor of Plaintiff and against Defendants in accordance with the terms of the Consent Judgment and Settlement Agreement, as annexed hereto.

    /s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.

Dated: June 6, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| 3M COMPANY,<br><br>                      Plaintiff,<br><br>   v.<br><br>HOWARD E. RYAN and CUSTOM BROWSER, INC.,<br><br>                      Defendants. | CIVIL NO. 05-5732 (SRC)<br><br>**CONSENT JUDGMENT AND SETTLEMENT AGREEMENT** |

**THIS MATTER** having come before the Court on March 6, 2006, for a settlement conference, and Arnold B. Calmann, Esq. of Saiber, Schlesinger, Satz & Goldstein, having appeared on behalf of Plaintiff, 3M Company ("plaintiff"), along with Hildy Bowbeer, plaintiff's Assistant Chief of Intellectual Property Counsel, and Defendant, Howard E. Ryan, having appeared pro se and on behalf of defendant Custom Browser, Inc. ("defendants"), and each of the parties having a full and fair opportunity to be heard, and by consent of plaintiff and defendants, it is hereby Ordered, Adjudged, and Decreed, that the following terms, which were placed on the record, will become part of this Consent Judgment and Settlement Agreement:

### A. STIPULATIONS AND AGREEMENT OF THE PARTIES

1. Defendants admits to the fame and validity of the "3M" Mark as well as 3M's exclusive ownership of the Mark;

2. Defendants acknowledge that they made misrepresentations about the 3M

respirators and that such misrepresentations was inconsistent with the instructions, limitations and warnings contained in the User Instructions accompanying 3M brand respirator products and that they infringed the 3M Mark;

3. Defendants will take no action, or encourage others, to assist anyone else with infringing, or violating the terms of this Consent Judgment and Settlement Agreement;

4. The corrective press release that this Court had approved previously and that was disseminated to the public is incorporated herein and attached hereto as Exhibit 1 ;

5. The Temporary restraints and injunction against defendants set forth in the Temporary Retraining Order entered in this action on December 9, 2005 are made permanent by this Consent Judgment and Settlement Agreement, as set forth in section B, below, and will bind defendants Ryan and Custom Browser, including the various websites that Ryan has control over either personally or through Custom Browser;

7. Ryan admits that the list of the websites contained in the corrective press release and listed on Schedule "A" annexed hereto is a complete list of all of the websites that he owns or otherwise controls;

8. Any future disputes relating to the 3M Mark or to this Consent Judgment will be litigated in the District of New Jersey;

9. Defendants will indemnify plaintiff against any third-party claims arising from any misstatements or misrepresentations that were contained on the websites strictly related to the 3M brand respirator products in issue; and

10. If not otherwise covered by the indemnification provision of this Consent Judgment, in the event a third-party files suit against plaintiff for claims arising

from the misrepresentations or misstatements that were contained on the websites strictly related to the 3M brand respirator products in issue, in a venue other than the District of New Jersey, plaintiff reserves the right to bring defendants into that lawsuit and assert those claims plaintiff deems appropriate.

### B.  ORDERS AND PERMANENT INJUNCTION

The defendants, their officers, directors, employees, principals, agents, representatives, subsidiaries, affiliates, partners, successors and assigns, and any other corporate organization, business entity, Internet domain name and website, and/or person under the possession, custody and/or control of defendants, and all those persons aiding, abetting or acting in concert or participation with them who receive actual notice of this Consent Judgment and Settlement Agreement by personal service or otherwise, including in connection with the domain names and websites listed on Schedule "A" annexed hereto and made part of this Consent Judgement and Settlement Agreement, shall be permanently restrained and enjoined, jointly and severally:

1. From selling, making, using, advertising, marketing, promoting, displaying and/or distributing any communication that creates a false or misleading impression, representation and/or statement regarding 3M brand respirator products, in connection with the suggestion or implication of guaranteed protection against contracting communicable disease, condition or health ailment whatsoever;

2. From registering, using, maintaining, owning, creating, managing, controlling, and/or participating in any domain name and/or website that contains or implies any health claim or any other type of claim that is false or misleading or creates a false impression with respect to any aspect of any 3M brand respirator or any respirator product sold under the 3M Mark;

3. From directly or indirectly adopting, using, registering, or seeking to register any trademark, service mark or other type of mark, company, business or domain name, or other name, that would cause a likelihood of confusion with, tarnish, dilute, cause blurring, lessen the significance or value of, or otherwise infringe the 3M trademark. Included within the meanings of a likelihood of confusion and infringement would be any mark or name that would cause a false or misleading association, connection, sponsorship, or affiliation with or endorsement by the 3M Company;

4. From selling, using and/or otherwise adopting any counterfeit reproduction, copy, or colorable imitation of the 3M Mark;

5. From misusing, advertising, marketing, promoting, distributing and/or misrepresenting the 3M trademark in any matter or manner whatsoever, including in connection with any advertisement, marketing, promotion, sales and/or distribution, as well as in connection with any domain name, company name, business name or other name, or any use whatsoever in connection with the Internet (e.g., any metatag, key line or source code);

6. From making any statement or representation whatsoever that falsely designates 3M as the origin of the defendants' products or services or is otherwise false or misleading with respect to 3M and/or the 3M Mark;

7. From doing any act or thing likely to confuse, mislead or deceive others into believing that defendants, and/or their products or services, emanate from or that defendants themselves are connected with, sponsored by, endorsed by, or approved by, or otherwise affiliated with plaintiff 3M;

8. From playing, utilizing, advertising, marketing, displaying, promoting, or

otherwise using in whole or in part the audio file that was presented on the website "3mmasks.com," on any domain name and website contained in Schedule "A", or on any other websites, now and in the future, that are operated, owned, managed, and/or controlled by either of the defendants and/or any other corporate organization or business entity or person under the possession, custody and/or control of either or both of defendants, and defendants are enjoined from transferring said audio file and any duplicate or part thereof to any other person for public use in any manner;

9. From playing, utilizing, advertising, marketing, displaying, promoting, or otherwise using in whole or in part the Windows Media File (i.e., video) of defendant Ryan's CNBC interview that was presented on the website "3mmasks.com," on any domain name and website contained in Schedule "A", or on any other websites, now and in the future, that the defendants operate, own, manage, and/or control, and any other corporate organization or business entity or person under the possession, custody and/or control of either or both of defendants, and defendants are enjoined from transferring said Windows Media File and any duplicate or part thereof to any other person for public use in any manner;

10. From misrepresenting, deceiving, defrauding, implying, and/or creating the misimpression to the public in any manner whatsoever that any genuine 3M brand products are to be used, capable of being used, recommended, approved and/or are qualified for use for anything other than the specific and delineated uses set forth in the User Instructions accompanying that 3M brand respirator product presently in effect, and/or as may become effective in the future, or those uses specified for a particular use by a regulatory agency such as the Center For Disease Control

        ("CDC"), or the World Health Organization ("WHO");

11. From selling, offering to sell, advertising, marketing, promoting and/or distributing 3M brand respirator products based on any statements or representations, directly or indirectly, that said products can or may be used, or are recommended, approved or qualified for any use other than the specific and delineated uses set forth in the User Instructions accompanying that 3M product presently in effect, and/or as may become effective in the future, or those uses specified for a particular use by a regulatory agency such as the CDC or WHO;

12. No resurrection from any archived source, from any domain name or website, now and in the future, including those websites in Schedule "A" annexed hereto, of the infringing and/or misrepresentative content; and

13. Secreting, destroying, removing or otherwise hindering or preventing the timely production of documents, electronic data and tangible evidence relating to the Defendants' business activities and/or which are in any way relevant to the allegations contained in the Verified Complaint.

It is further Ordered that subject to the terms of this Consent Judgment and Settlement Agreement, this matter is concluded by entry of this Consent Judgment and Settlement Agreement and any and all claims that were, or could have been, asserted in the lawsuit against defendants are hereby dismissed with prejudice in accordance with the terms of this Consent Judgment and Settlement Agreement as it relates to defendants, with the Court to retain jurisdiction over the parties for purposes of enforcing this Consent Judgment and Settlement Agreement.

Further Ordered that plaintiff releases any and all pending or potential claims against defendants arising under federal and/or state statutory or common law as they pertain to the subject matter of this lawsuit, except as otherwise expressly stated herein.

Both parties waive their right to appeal the final adjudication of this lawsuit as between plaintiff and defendants by entry of this Consent Judgment and Settlement Agreement. However, the parties do not waive the right to appeal any future action, decision, or adjudications by this or any Court with respect to the enforcement, interpretation, or application of the provisions of this Consent Judgment and Settlement Agreement.

It is Ordered this _____ day of May, 2007

_____
**STANLEY R. CHESLER**
**United States District Judge**

The parties hereby agree to the terms of the Settlement Agreement set forth herein

For The Plaintiff, 3M Company

_____        DATED:
Hildy Bowbeer
Assistant Chief of Intellectual Property Counsel

_____        DATED:
Arnold Callman, Esq.
Saiber, Schlesinger, Satz & Goldstein, P.C.

For The Defendants, Howard E. Ryan and Custom Browser, Inc.

_____        DATED:
Howard E. Ryan, Pro Se

**SCHEDULE A**

Incorporated in the foregoing Consent Judgment and Settlement Agreement are the following domain names and websites:

1. www.libraryfilter.com;
2. www.predatoralerts.com;
3. www.pandemicflu.com;
4. www.webgramming.org;
5. www.custombrowser.com;
6. www.njplumbersunite.com;
7. www.customerbrowser.net;
8. www.customerbrowser.biz;
9. www.chathamcellphone.com;
10. www.desktopalert.com
11. www.smogmasks.com
12. www.customexplorer.com;
13. www.custombrowser.us;
14. www.livetherapyonline.org;
15. www.jessicacutler.net;
16. www.customalerts.com;
17. www.customalert.com;
18. www.customdeskbar.com;
19. www.customexplorerbar.com;
20. www.companiontoolbar.com;
21. www.desktopalerts.net;
22. www.visprecis.com;
23. www.thefamilybrowser.com;
24. www.cloneaide.com;
25. www.customtoolbar.com;
26. www.custombrowser.info;
27. www.singlesalert.net;
28. www.singlesalerts.net;
29. www.ieblocker.com;
30. www.birdflumasks.us;
31. www.respirators.us; and
32. www.familymedicalsupplies.com